# People's Passenger Railway Company, Plff. in Err., v. James W. Lauderbach.

If one injured by a collision of the cars of two railroad companies was a passenger of one company, and brings his action against the other, he must prove that the latter alone was chargeable with the negligence in consequence of which the injury occurred.

(Decided April 5, 1886.)

Error to the Common Pleas, No. 4, of Philadelphia County to review a judgment for plaintiff in an action for damages for personal injuries. Affirmed.

The facts sufficiently appear in the charge of the trial judge, THAYER, J., a portion of which is as follows:

The accident to the plaintiff, James W. Lauderbach, which

NOTE.—It has been held that it is for the jury to say which company was negligent in case of a collision, where the passenger sued both companies, and gave evidence to show that both were negligent. Goorin v. Allegheny Traction Co. 179 Pa. 327, 36 Atl. 207.

has been the subject of inquiry in this case, occurred on July 26, 1880, when he was a passenger in a car of the Hestonville, Mantua, & Fairmount Passenger Railway Company while it was passing along Callowhill street near Twenty-Third street. The defendant is the People's Passenger Railway Company.

It appears from the evidence that at the point where the accident happened the railway tracks of the two companies approach, within 11½ inches of each other, and that 20 inches of space between the tracks is required to enable two cars to pass at any one time, without incurring the risk of collision.

The accident resulted in a severe and painful injury to the plaintiff. His arm was obliquely broken above the elbow, and the forearm bruised and crushed. It further appears that he was attended by surgeons and physicians; that he ultimately recovered from the immediate effects of the injury, and he is now in the condition he presents in court.

The plaintiff alleges that the accident was due solely to the negligence of the defendant, and that it alone is responsible for the consequences.

There are certain well-settled principles of law applicable to this case which, although very familiar to lawyers, are not, perhaps, so well known to you; and it is, therefore, necessary in the discharge of my duty that I should refer to them. The first of these principles is, that every person and every corporation is responsible for the consequences of his or its own negligence, if an injury is ocasioned by that negligence. The second principle is, that the burden of proving negligence is thrown upon the one who asserts it, and that it must be satisfactorily established, before a jury can find a verdict against a defendant. The third principle is, that, if a plaintiff, injured by an accident, has himself been guilty of negligence which contributed in any degree to the injury, the defendant is not responsible for the consequences of that accident. The reason of this rule of law is, that where a plaintiff has been himself partly to blame for an injury he has received, he cannot justly ask a defendant, whom he alleges was also guilty of negligence, to compensate him for an injury which was partly the result of his own fault.

In a case where the plaintiff and defendant are both to blame for an accident, there is no remedy for an injury occasioned by negligence; that is, where there is negligence on both sides,

or what is termed mutual negligence, there can be no recovery against a defendant.

It is also a well-settled rule of law, that, where an accident occurs in the course of the transaction of the business of two railroad companies, and both figure as actors or participants in the circumstances surrounding its occurrence, a passenger, injured while in one of their cars, must bring his action for indemnity and compensation against the company carrying him as a passenger, if the accident, whereby he received his injury, was occasioned by the negligence of that company.

The same rule applies if the accident was the result of the negligence of the company carrying him as a passenger, even if the other company was guilty of negligence. If, however, the accident was alone due to the negligence of the other company, and not through any negligence of the company carrying him as a passenger, then the other or noncarrying company is the responsible party, always supposing that the passenger was not himself guilty of any negligence contributing to the accident.

To apply these principles of law to this case, in order that you may be fully enabled to comprehend them: If this accident was occasioned solely by the negligence of the Race & Vine Street Company, or in combination with negligence on the part of the defendant company, the plaintiff cannot recover in this action. In other words, if both companies were to blame for the accident, the plaintiff must bring his action against the company running the car in which he was a passenger at the time of the accident. If, however, the Race & Vine Street Company was not to blame for the accident, and the plaintiff was not guilty of any negligence contributing to the accident, but the defendant was alone guilty of negligence, the plaintiff would be entitled to recover in this action.

It will, therefore, be observed that there are three points which require to be determined, for the proper decision of the questions involved in this case, *viz.:* (1) Was this accident due to any negligence on the part of the plaintiff? If it was, he cannot recover. (2) Was it due to any negligence on the part of the Race & Vine Street Company? If it was, he cannot recover. (3) Was it due to the negligence of the defendant? If it was not, he cannot recover. If it was, he can recover; provided, the negligence was solely on the part of that company, and there was no negligence on the part of the Race & Vine

Street Company; and also provided that the accident was not in any degree occasioned by the negligence of the plaintiff.

Verdict and judgment having passed for plaintiff defendant brought error.

*Francis Brewster* and *Samuel Gustine Thompson,* for plaintiff in error.—If a passenger puts himself out of place and in a place of danger, and is injured as the result, this is *damnum absque injuria,* and he cannot recover. Pennsylvania R. Co. v. Langdon, 92 Pa. 21, 37 Am. Rep. 651.

The following are cases in which the question of contributory negligence has been considered: Todd v. Old Colony & F. River R. Co. 7 Allen, 207, 83 Am. Dec. 679; Indianapolis & C. R. Co. v. Rutherford, 29 Ind. 82, 92 Am. Dec. 336; Ward v. Central Park, N. & E. River R. Co. 1 Jones & S. 396; Clark v. Eighth Ave. R. Co. 36 N. Y. 135, 93 Am. Dec. 495; Solomon v. Central Park, N. & E. River R. Co. 1 Sweeny, 301; Willis v. Long Island R. Co. 32 Barb. 399; Hickey v. Boston & L. R. Co. 14 Allen, 429; Quinn v. Illinois C. R. Co. 51 Ill. 498; Baltimore City Pass. R. Co. v. Wilkinson, 30 Md. 225; Houston & T. C. R. Co. v. Clemmons, 55 Tex. 88, 40 Am. Rep. 799; Baltimore & P. R. Co. v. Jones, 95 U. S. 443, 24 L. ed. 508.

Where an accident is the result of mutual negligence by two companies, the noncarrying company is not liable. Lockhart v. Lichtenthaler, 46 Pa. 151; Philadelphia & R. R. Co. v. Boyer, 97 Pa. 100.

*John G. Johnson* for defendant in error.

PER CURIAM:

This case was clearly one for the jury. We have considered all the assignments of error. We find nothing therein to give just cause of complaint by the company. The jury were told that the burden of proof was on the plaintiff below, to show that the defendant below alone was guilty of negligence, in consequence of which the plaintiff was injured, and that the Hestonville Railway Company was not guilty of any negligence. If the plaintiff failed to prove either or both he could not recover. Plaintiff in error cannot justly claim anything more favorable to it than this.

Judgment affirmed.